IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOCELYN SCHUTTE, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. A-14-CV-890- |
| | § | |
| MEGALOMEDIA, INC. and | § | |
| MANSFIELD FILMS, LLC, | § | |
| Defendants. | § | JURY TRIAL DEMANDED |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jocelyn Schutte ("Plaintiff" or "Schutte"), Plaintiff in the above styled and numbered cause, and files this, her Original Complaint, complaining of Megalomedia, Inc. and Mansfield Films, LLC ("Defendants"), and for cause of action would show as follows:

**I.
INTRODUCTION**

1. This action seeks actual damages, liquidated damages, a declaratory judgment, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest as allowed by law for Defendants' failure to pay Plaintiff overtime for hours worked in excess of forty hours a week, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

2. Plaintiff demands a jury on all issues triable to a jury.

**II.
PARTIES**

3. Plaintiff Jocelyn Schutte is an individual that lives in Austin, Texas.

4. Plaintiff's consent to be a party plaintiff in this action is attached as Exhibit A to this Complaint.

5. Plaintiff was engaged in commerce while employed by Defendants by routinely making interstate phone calls and/or by sending emails interstate.

6. Defendant Megalomedia, Inc. is a Texas for-profit corporation. Service of this Summons and Complaint on Defendant Megalomedia, Inc. may be made by serving its registered agent Jonathan Nowzaradan at 6207 Bee Cave Road, Ste. 125, Austin, TX, 78746.

7. Defendant Mansfield Films, LLC is a Texas limited liability company. Service of this Summons and Complaint on Defendant Mansfield Films, LLC may be made by serving its registered agent Michael N. Saleman at 100 Congress Ave., 11th Floor, Austin, TX, 78701.

8. Defendants are (or at the relevant times, were) enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 §§ 203(r) and 203(s), and are therefore obligated to pay their employees in accordance with the FLSA. Defendants were obligated to pay their employees in accordance with the FLSA at all times Plaintiff worked for Defendants.

### III.
### JURISDICTION AND VENUE

9. This Court has jurisdiction over all claims in this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

10. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

11. All conditions precedent to filing this lawsuit have been met.

## IV.
## FACTS

12. Schutte was hired by Defendants to work as a coordinating producer for the television show Shipping Wars in the spring of 2013. She began working in or around May 2013, at the end of the show's third season, and worked through the fourth and fifth seasons.

13. Defendants referred to Schutte as an independent contractor, but treated her like an employee.

14. For example, Defendants required Schutte, as a coordinating producer, to perform a number of job duties including but not limited to creating master itineraries and daily call sheets for the filming of a shipment (referred to as a production run), monitoring the progress of the production run, booking hotels, flights, and rental vehicles as needed for the production run, researching and obtaining required permits, and obtaining other releases and agreements as needed.

15. Schutte's work was closely supervised by Defendants. For example, Schutte had to obtain approval of the master itineraries she created, and for any daily call sheets that deviated from the master itinerary. Schutte also needed approval from a supervisor to perform routine job duties, such as prior to making most purchases (with the exception of making flight and hotel reservations within certain price limitations).

16. Occasionally, Schutte was required to perform work on shows produced by Megalomedia other than Shipping Wars.

17. Defendants exercised extensive control over Schutte's work hours. In addition to establishing her job duties, which due to the nature of the filming schedule could require very long hours, Defendants also required that Schutte work at their office during set weekday hours.

Defendants further required that Schutte obtain permission in advance to take a day off, and at times required or sought to require that Schutte take days off.

18. To receive pay for the work she performed for Defendants, Defendants required Schutte to submit invoices. Schutte was told the amount she was to be paid on a weekly, daily, and hourly basis. Defendants also exercised extensive control over the amount of time that Schutte was permitted to invoice for, although she was required to complete her job duties regardless of how much time she had to work in order to do so.

19. The contracts of all the coordinating producers who had worked on the show's fifth season were extended, except for Schutte's.

20. Before working for Defendants, Schutte had held other jobs in television production, and was classified by those prior employers as a W-2 employee.

21. In performing work for Defendants, Schutte was a non-exempt employee entitled to overtime as required by the FLSA. Schutte regularly worked in excess of forty hours in a workweek.

22. Defendants failed to pay Schutte overtime for all hours worked in excess of forty hours per week during her employment.

23. Defendants knew, or showed reckless disregard for whether, their failure to pay Schutte overtime for all hours worked in excess of 40 hours per week was in violation of the FLSA.

## V.
## CAUSES OF ACTION

24. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

25. Defendants' conduct and practices violated the provisions of the FLSA, 29 U.S.C. § 201 *et seq.*, including but not limited to violations of § 207(a)(1).

## VI.
## ATTORNEYS' FEES

26. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

27. Plaintiff is entitled to recover attorneys' fees and costs for bringing this action pursuant to 29 U.S.C. § 216(b).

## VII.
## DAMAGES

28. As a result of Defendants' conduct, Plaintiff seeks relief pursuant to 29 U.S.C. § 216(b) which includes, but is not limited to: (1) overtime wages for all hours worked in excess of forty hours per week at the rate of one and one-half times her regular rate; (2) liquidated damages as allowed by law; (3) costs, expert witness fees and attorneys' fees; (4) pre-judgment and post-judgment interest as allowed by law; (5) a declaration that Defendants' practices have violated the FLSA; and (6) such other relief, legal or equitable, as may be warranted or to which Plaintiff is entitled.

## VIII.
## JURY DEMAND

29. Plaintiff requests a trial by jury on issues triable by a jury in this case.

## IX.
## PRAYER

30. WHEREFORE, Plaintiff respectfully prays that upon final hearing and trial hereof, this Court grant Plaintiff judgment for the following:

    a. Overtime wages for all hours worked in excess of forty hours at the rate of

        one-and-one-half times her regular rate;

b.     An equal amount to (a) as liquidated damages as allowed under the FLSA;

c.     A declaration that Defendants' practices have violated the FLSA;

d.     Attorneys' fees both for this cause and for any and all appeals as may be necessary;

e.     Pre-judgment and post-judgment interest as allowed by law;

f.     Costs of court and other costs of prosecuting Plaintiff's claim;

g.     Expert witness fees; and

h.     Such other relief, legal or equitable, as may be warranted or to which Plaintiff is entitled.

        Respectfully Submitted,

**The Cook Law Firm**
919 Congress Avenue, Suite 1145
Austin, Texas 78701
Telephone: (512) 482-9556
Telecopier: (512) 597-3172

By:   /s/ R. Scott Cook
_____
Russell Scott Cook
State Bar No. 24040724
scook@rcooklaw.com
Melissa Jacobs
State Bar No. 24046144
mjacobs@rcooklaw.com

ATTORNEYS FOR PLAINTIFF

6