UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOCELYN SCHUTTE, | § | No. 1:14–CV–890–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MEGALOMEDIA, INC., | § | |
| MANSFIELD FILMS, LLC, and | § | |
| JONATHAN NOWZARADAN, | § | |
| | § | |
| Defendants. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

Before the Court is a Report and Recommendation by United States Magistrate Judge Andrew Austin regarding a Partial Motion for Summary Judgment (Dkt. # 37) filed by Defendants Megalomedia, Inc. ("Megalomedia"), Mansfield Films, LLC ("Mansfield"), and Jonathan Nowzaradan (collectively, "Defendants") and a Motion to Supplement the Summary Judgment Record (Dkt. # 43) filed by Plaintiff Jocelyn Schutte ("Plaintiff"). Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing. After reviewing the motions and responses, for the reasons that follow, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge and **DENIES** Defendants' Motion for Partial Summary Judgment and **MOOTS** Plaintiff's Motion to Supplement the Summary Judgment Record. (Dk. # 52.)

1

BACKGROUND

This case arises out of Plaintiff's employment with Defendants from May 2013 through April 2014, as a coordinating producer for the television show Shipping Wars. ("3d Am. Compl.," Dkt. # 26, ¶¶ 20, 27, 37.) While Plaintiff was employed by Defendants, she complained to her supervisors that she should be paid as an employee, rather than an independent contractor, because she was treated as an employee. (Id. ¶ 26.) Subsequently, Defendants offered to extend the contracts of every other coordinating producer besides Plaintiff who had worked on the fifth season of Shipping Wars, and ultimately rehired all but Plaintiff and one producer. (Id. ¶ 27.)

Additionally, Plaintiff claims that beginning in the fall of 2013, she began discussions with the executive of Megalomedia's development department regarding a promotion to the department. (3d Am. Compl. ¶ 35.) Plaintiff alleges that after months of discussions, Mr. Nowzaradan informed her that she would not be promoted to the department due to suspicions that the Megalomedia development department executive was sexually harassing female employees; a male was given the promotion instead. (Id. ¶¶ 36–37.)

Plaintiff brought suit against Defendants on September 24, 2014, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Dkt. # 1.) Plaintiff filed her Third Amended Complaint after receiving a

Right to Sue letter from the EEOC regarding her claim to employment discrimination. (3d Am. Compl. ¶¶ 15–19.) Plaintiff's Third Amended Complaint alleges causes of action for (1) failure to pay overtime wages in violation of 29 U.S.C. § 216(b); (2) retaliation in violation of 29 U.S.C. § 215(a)(3); and (3) sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Id. ¶¶ 39–47.)

On November 30, 2015, Defendants filed a motion for partial summary judgment on the issues of retaliation and discrimination. (Dkt. # 37.) Plaintiff filed a Motion to Supplement the Summary Judgment Record on December 13, 2015 (Dkt. # 43), and a Response to Defendants' Motion on December 21, 2015 (Dkt. # 46). Judge Yeakel referred both matters to United States Magistrate Judge Austin (Dkts. ## 40, 48), who issued a Report and Recommendation recommending that this Court deny Defendants' Motion for Partial Summary Judgment (Dkt. # 52). No objections were filed to the Report and Recommendation. On March 21, 2016, this case was reassigned to the undersigned. (Dkt. # 54.)

## LEGAL STANDARD

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendation. Fed. R. Civ. P.

3

72(b)(2).  The Court conducts a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).  In the instant case, because no party has objected to the Magistrate Judge's Report and Recommendation, the Court reviews the Magistrate Judge's Report and Recommendation for clear error.

DISCUSSION

I.  Whether Defendants are Entitled to Summary Judgement on Plaintiff's Retaliation Claim

The FLSA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]."  29 U.S.C. § 215(a)(3).  A plaintiff makes a prima facie case of retaliation when she (1) alleges that she participated in protected activity under the FLSA; (2) experienced an adverse employment action; and (3) can show a causal link between the protected activity and the adverse employment action.  Hagan v. Echostar Satellite, L.L.C., 529 F.3d 617, 624 (5th Cir. 2008).  Once a plaintiff

4

makes a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its employment decision.  Id.  If the defendant articulates a legitimate, non-discriminatory reason for the adverse employment decision, the plaintiff must demonstrate that the non-discriminatory reason was merely pretextual.  Id.; see also McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

The Magistrate Judge found that Plaintiff successfully made a prima facie case, and that Defendants articulated a non-discriminatory reason for their failure to extend Plaintiff's contract by stating she was unhappy producing Shipping Wars, shifting the burden back to Plaintiff.  (Dkt. # 52 at 5.)  The Magistrate Judge found that Plaintiff raised a genuine issue of material fact as to whether the non-discriminatory rationale proffered by Defendants was pretextual, because she pointed to inconsistent deposition testimony regarding the reasons for their failure to rehire Plaintiff.  Further, Plaintiff had alleged a causal link between her happiness and her fair compensation.  This determination is not clearly erroneous, and a genuine issue of material fact exists as to whether Plaintiff was not re-hired by Defendants in violation of 29 U.S.C. § 215(a)(3).  Summary judgment should be **DENIED** as to this issue.

II.    <u>Whether Defendants are Entitled to Summary Judgement on Plaintiff's Title VII Claim</u>

Pursuant to Title VII, an employer may not "limit, segregate, or classify his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of [her] . . . sex . . . ." 42 U.S.C. § 2000e–2(a)(2). "A plaintiff may establish a claim of discrimination under the ADA either by presenting direct evidence or by presenting indirect evidence under the burden-shifting framework set out in <u>McDonnell</u>," the same test applied to retaliation claims under the FLSA. <u>Byrand v. Martin Co., Tex.</u>, 7:14–CV–23, 2015 WL 5008473, at *4 (W.D. Tex. Aug. 20, 2015). Direct evidence is "any statement or written document showing a discriminatory motive on its face." <u>Portis v. Nat'l Bank of New Albany, Miss.</u>, 34 F.3d 325, 328 (5th Cir. 1994). The Magistrate Judge found that Plaintiff's Title VII discrimination claim is supported by direct evidence, based upon her conversation with Mr. Nowzaradan, wherein he stated she was not promoted to the development department due to his concern that she would be sexually harassed there. While Defendants offered evidence to rebut this conclusion, it is not appropriate to make credibility determinations at the summary judgment stage. The Magistrate Judge's determination that a genuine issue of material fact exists with regard to Plaintiff's Title VII claim is not clearly erroneous. Accordingly, summary judgement is **DENIED** as to this issue.

## CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dk. # 52) and **DENIES** Defendant's Motion for Partial Summary Judgement (Dkt. # 37.)  The Court further finds that Plaintiff presented sufficient evidence with her Summary Judgement motion to create a genuine issue of material fact, and her Motion for Leave to Supplement the Summary Judgment Record is therefore **MOOT** (Dkt. # 43).

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, April 12, 2016.

_____
David Alan Ezra
Senior United States Distict Judge